OPINION
{¶ 1} This matter is before the court on an appeal from an order entered by the trial court following an evidentiary hearing conducted pursuant to a remand we ordered in a prior appeal. See State v. Haley
(Feb. 1, 2002), Greene App. No. 2001-CA-10.
 {¶ 2} The issue for determination on remand was whether a fine of $62,500 imposed on Defendant-Appellant Haley in a written sentencing entry of October 6, 1995 was a clerical error. Haley claimed that it was, because the sentence the court had orally pronounced in open court on that same date imposed no fine. Haley had asked that the written entry be amended, nunc pro tunc, pursuant to Crim.R. 36, deleting the fine in order to correct the alleged error. The trial court denied Haley's request without a hearing.
 {¶ 3} We reversed the portion of the trial court's order concerning the fine imposed on Haley and remanded the case for a hearing on the question. The trial court conducted an evidentiary hearing on remand, and after that found against Haley's contentions and overruled his request to amend the written sentencing entry. Haley appealed, and now presents two assignments of error.
 {¶ 4} The existence of the alleged error in the written sentencing entry is complicated by the fact that the sentencing judge, Hon. Lee Bixler, is now deceased. The issue on remand was, did Judge Bixler intend to impose the fine when he sentenced Haley? In our decision ordering a remand for that determination we specifically held, for reasons stated there, that any claim of substantive error with respect to the fine, legal or factual, is barred by res judicata as a basis for reversal.
 {¶ 5} In his first assignment of error, Haley argues that Judge Bixler, who was an experienced trial judge, could not have intended to impose the fine concerned because it is unlawful, being beyond the statutory authority of the court to impose sentences for the offenses of which Haley was convicted. This argument doesn't seek reversal because the sentences are unlawful; it contends that Judge Bixler, because of his long experience, reasonably could not have intended to impose fines that, according to Haley, are manifestly unlawful.
 {¶ 6} We concede our respect for the late Judge Bixler's knowledge of the law. However, from our own experience we also know the wisdom of Emerson's observation: "The judge weighs the arguments and puts a brave face on the matter, and, since there must be a decision, decides as he can, and hopes he has done justice."[1]
 {¶ 7} In other words, even experienced and well-meaning judges can err, and to adopt Haley's point would be to deny that obvious fact. The first assignment of error is overruled.
 {¶ 8} In his second assignment of error, Haley contends that the trial court abused its discretion when it excluded the testimony of his expert witness, an attorney, concerning procedures typically followed by courts when imposing a sentence. The hearing on the question presented was to the court, presided over by an experienced judge who was therefore fully conversant with those sentencing procedures. The expert's testimony therefore did not relate to a matter beyond the knowledge or experience of the trier of fact. See Evid.R. 702(A). We find no abuse of discretion in excluding it.
 {¶ 9} The assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.
[1] Ralph Waldo Emerson, "Considerations by the Way," The Conduct ofLife, 1860, in Complete works of Ralph Waldo Emerson 6:243, 245-46(1904).